# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PRUITT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. CIV-09-735-F |
| WARDEN DAVID PARKER, | ) ) ) |
| Respondent.[1] | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated hereafter, it is recommended that the petition be transferred to the United States District Court for the Eastern District of Oklahoma.

By this action, Petitioner challenges his conviction of child sexual abuse, for which he received a life sentence. Case No. CF-2006-641, District Court of Bryan County. Since the Petitioner attacks a conviction from the District Court of Bryan County, which is located within the Eastern District of Oklahoma, 28 U.S.C. § 116(b), and since he is incarcerated in the James Crabtree Correctional Center which is located in Helena, in the Western District of Oklahoma, both federal courts have jurisdiction to entertain this habeas petition. 28

---

[1]The Petitioner also listed the Attorney General of the State of Oklahoma as a respondent. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Attorney General is dismissed.

U.S.C. §2241(d).

However, it has been a long standing policy of this Court and the U.S. District Court for the Eastern District of Oklahoma that justice is normally better served by the adjudication of a habeas petition in the district where the conviction was entered since that is where the trial court officials and records are located, where trial counsel for the prosecution and the Petitioner are ostensibly available and where any necessary witnesses usually reside.

Transportation of the Petitioner to any hearing in the Eastern District would be a modest expense for state and/or federal officials when compared with the cost of an evidentiary hearing in Oklahoma City. This Court may, in its discretion and in the interest of justice, transfer this action to any other court in which such action could have been brought. 28 U.S.C. §2241(d). Based on the considerations discussed herein, the undersigned recommends that the case be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## RECOMMENDATION

For the foregoing reasons, it is the recommended that this petition for a writ of habeas corpus be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of August, 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to send a copy of the

petition and this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent.

ENTERED this __31st__ day of July, 2009.

*[signature]*
DOYLE W. ARGO
**UNITED STATES MAGISTRATE JUDGE**