# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOHN PRUITT,                          )
                                      )
                Petitioner,           )
                                      )
          v.                          )   No. CIV-09-341-FHS-KEW
                                      )
DAVID PARKER, Warden,                 )
                                      )
                Respondent.           )

## OPINION AND ORDER

Petitioner, an inmate in the custody of the James Crabtree
Correctional Center located in Helena, Oklahoma, has filed this
Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C.
§ 2254, attacking his conviction and sentence in Bryan County
District Court Case Number CF-2006-641 for the crime of child
sexual abuse.  He sets forth the following grounds for relief:

> Petitioner was denied a fair trial by improper
> testimony regarding truthfulness of the victims
> testimony.  The evidence was insufficient to
> convict Petitioner. Petitioner was denied a fair
> trial by improper comments and questioning by the
> prosecutor.  Petitioner was denied the effective
> assistance of counsel.

Respondent has submitted the following records to the court
for consideration in this matter:

> (1)  Brief of Appellant filed in the Court of Criminal
>      Appeals for the State of Oklahoma filed January
>      22, 2008.
> (2)  Brief of Appellee filed in the Court of Criminal

1

Appeals of the State of Oklahoma filed March 11,
2008.
(3)    Summary Opinion from the Court of Criminal Appeals
State of Oklahoma filed May 15, 2008.
(4)    Volume I and II Trial Proceedings had May 3 and 4,
2007 at the Bryan County Courthouse.
(5)    Preliminary Hearing held November 29, 2006.
(6)    Brief in Support of Motion for New Trial.
(7)    Original record.


## Facts

Petitioner, John Pruitt, an inmate in the custody of the
James Crabtree Correctional Center has filed this petition
seeking federal habeas corpus relief.  Petitioner is currently
incarcerated pursuant to a judgment and sentence entered upon his
conviction after jury trial in the District Court of Bryan
County, Case No. CF-2006-641, for the crime of Child Sexual
Abuse.  The jury recommended punishment of life imprisonment and
payment of a $5,000.00 fine.  The trial court sentenced
petitioner accordingly.  Petitioner was represented by counsel.
The Oklahoma Court of Criminal Appeals affirmed petitioner's
convictions on May 15, 2008.  Petitioner has filed no application
for post-conviction relief in the trial court.


Petitioner has exhausted his state court remedies to the
grounds raised, with the exception of his claim raised in Ground
IV that his counsel was ineffective for failing to object to a
witnesses testimony.  However, pursuant to 28 U.S.C. § 2254
(b)(2) a petition may be denied on the merits despite a
petitioner's failure to exhaust.  Respondent is, therefore,
responding to the merits of this petition in lieu of filing a
motion to dismiss for failure to exhaust.  Respondent does not
waive the exhaustion requirement. The petition is timely filed.
The Oklahoma Court of Criminal Appeals affirmed petitioner's
judgment and sentence on May 15, 2008.

## I.  State Law

Pursuant to 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim
> that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to,
> > or involved an unreasonable application of,
> > clearly established Federal law, as determined by
> > the Supreme Court of the United States; or (2)
> > resulted in a decision that was based on an
> > unreasonable determination of the facts in light
> > of the evidence presented in the State court
> > proceeding.

Petitioner alleges in Ground I of his petition that Sarah
Pate's testimony and that of Department of Human Services worker,
Madonna Banks, should not have been admitted and that the
prosecutor's reiteration of this testimony in closing argument
was error.  Generally, the issue of witnesses testimony presents
an issue of state law and because the prosecutor properly
referred to these witnesses admissible testimony in closing
argument, this court finds no error.

"[I]t is not the province of a federal habeas court to
reexamine state-court determinations on state-law questions.  In
conducting habeas review, a federal court is limited to deciding
whether a conviction violated the Constitution, laws, or treaties
of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68
(1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21
(1995) (per curium)).  "Habeas corpus is a civil proceeding and
the burden is upon the petitioner to show by a preponderance of
the evidence that he is entitled to relief."  Beeler v. Crouse,

332 F.2d 783, 783 (10th Cir. 1964) (citing <u>Teague v. Looney</u>, 268 F.2d 506 (10th Cir. 1959)).  Generally, state court rulings on the admissibility of evidence are matters of state law not to be questioned in a federal habeas corpus proceeding.  <u>Bullock v. Carver</u>, 297 F.3d 1036, 1055 (10th Cir. 2002).  Erroneous evidentiary rulings are not grounds for federal habeas relief unless the rulings render the state proceedings so fundamentally unfair as to violate due process.  See <u>Williamson v. Ward</u>, 110 F.3d 1508, 1522-23 (10th Cir. 1997).   The court has reviewed the testimony of the witnesses and has determined that they did not render petitioner's trial so fundamentally unfair as to deprive petitioner of his federal constitutional rights.  <u>Duvall v. Reynolds</u>, 139 F.3d 768, 787 (10th Cir. 1998).  Thus, the court finds petitioner has failed to present an argument regarding witnesses testimony which would support federal habeas relief.

Petitioner has also alleged that comments made by the prosecutor during closing arguments regarding the testimony of Sarah Pate and Madonna Banks was in error. In examining habeas claims of prosecutorial misconduct, "it 'is not enough that the prosecutor['s] remarks were undesirable or even universally condemned.'"  <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986) (quoting <u>Darden v. Wainwright</u>, 699 F.2d 1031, 1036 (11th Cir. 1983)).  Instead, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Id</u>. (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974)). Petitioner complains that the prosecutor reiterated in closing argument the testimony that the victim's grandmother believed her when she told Ms. Pate about petitioner's sexual abuse of her. The Oklahoma Court of Criminal Appeals found that Ms. Pate's testimony was properly admitted and further found no error in the

prosecutor's closing argument based upon the prosecutor's
recitation of this testimony. After a careful review of the
record, the court finds the decision by the Oklahoma Court of
Criminal Appeals was not contrary to or an unreasonable
application of federal law, and its decision was not based on an
unreasonable determination of the facts.  This ground for habeas
relief fails.

## II.  Sufficiency of the Evidence

Petitioner alleges his conviction is not supported by
sufficient evidence. He argues as he did on direct appeal that
the victim's testimony was so improbable that it required
corroboration and no corroborating evidence was admitted.
Petitioner raised this claim to the Oklahoma Court of Criminal
Appeals who determined his conviction was supported by sufficient
evidence.

"Sufficiency of the evidence can be considered to be a mixed
question of law and fact."  Case v. Mondagon, 887 F. 2d 1388,
1392 (10th Cir. 1989), cert. denied, 494 U.S. 1035 (1990).  In
federal habeas review of a state court conviction, "the relevant
question is whether, after viewing the evidence in the light most
favorable to the prosecution, *any* rational trier of fact could
have found the essential elements of the crime beyond a
reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979)
(emphasis in original).

The Supreme Court has repeatedly emphasized the deference
the reviewing court owes to the trier of fact and "the sharply
limited nature of constitutional sufficiency review."  Wright v.
West, 505 U.S. 277, 296 (1992) (citing Jackson, 443 U.S. at 319).

"[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  Jackson, 443 U.S. at 326.  The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing United States v. Edmondson, 962 F.2d 1535, 1548 (10th Cir. 1992)).  "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt."  Beachum v. Tansy, 903 F.2d 1321, 1332 (10th Cir.), cert. denied, 498 U.S. 904 (1990) (citing United States v. Troutman, 814 F.2d 1428, 1455 (10th Cir. 1987)). To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime of sexual abuse of a child.  The State was required to prove the following elements beyond a reasonable doubt:

> First, a person responsible for the child's health,
> safety or welfare;
> Second, willfully/maliciously;
> Third, engaged in;
> Fourth, sexual abuse or sexual acts with the child;
> Fifth, of a child under the age of eighteen.

Instruction no. 4-39, OUJI-CR 2d.

The testimony at the trial was as follows.  The victim testified that petitioner touched his penis, mouth and hands to her mouth and vagina and that she put her mouth on his penis. (Tr. 111-15).  While she did use pictures to assist with her testimony, she unequivocally testified that petitioner sexually

6

abused her.  Moreover, this testimony is identical to that given
by the victim at the preliminary hearing regarding what
petitioner did to her.  (Pretrial Transcript 27-29).  At the
preliminary hearing, victim testified that the abuse occurred
"Maybe two or three times a day".  (Tr. 116).  At trial, Letetia
Pate was never asked about any prior abuse allegations the victim
may have made about petitioner.  Thus, the fact that she did not
corroborate victim's testimony that petitioner abused her when
she was about five is hardly unusual.  (Tr.  145-61). The
victim's testimony was not incredible, unclear or ambiguous. (Tr.
145-61).  Petitioner also complains that his ex-wife, Christine
Thomas and Letetia Pate did not report the abuse although they
knew about it as of January 1, 2005.  It was not reported until
the victim disclosed it to Beth Robinson, over a year later; Ms
Robinson reported it to authorities.  (Tr. 173-74).  While the
fact that the victim's mother and grandmother failed to report
abuse which they clearly believed had occurred is tragic, it does
not mean the jury could not find victim's testimony to be
credible.  In fact, Ms. Thomas' and Mrs. Pate's testimony
supported the victim's credibility.  Christine Thomas testified
the victim told her petitioner was making her perform oral sex on
him. (Tr. 233).  She undoubtedly believed the abuse occurred
since she demanded that petitioner vacate the marital home and
the two divorced thereafter.  (Tr. 151, 232, 243).  Letetia Pate
testified the victim told her that petitioner was making her
perform oral sex on him.  (Tr. 150).  Mrs. Pate's belief that the
victim was truthful when she told her of the abuse is supported
by Mrs. Pate's action in calling Ms. Thomas, informing her of the
victims revelation and traveling to Sherman, Texas to pick Ms.
Thomas up from work on the very day the victim reported the abuse
to her. (Tr. 150-51). Both women testified they did not report
the abuse because the victim was so distressed by the abuse and

7

did not want anyone to know of it. (Tr. 152, 243).  The victim's
disclosure to Beth Robinson was prompted by Ms. Robinson's
question to her about whether Ms. Robinson's should contact the
victim's mother or father about her younger sister's absences
from school.  (Tr. 173-174).

Based upon this clear evidence, the Oklahoma Court of
Criminal Appeals found as follows in denying this claim:

> We find in Proposition II that, taking the evidence in
> the light most favorable to the State, any rational
> trier of fact could find that Pruitt sexually abused
> the victim. (Footnote  omitted). N.3 Dodd v. State,
> 2004 OK CR 31, 100 P.3d 1017, 1041-42. A rape victim's
> testimony only requires corroboration where it is so
> inherently insubstantial, incredible, improbable,
> inconsistent or contradictory that it is unworthy of
> belief.  Applegate v. State, 1995 OK CR 49, 904 P.2d
> 130, 136 (lewd molestation); Gilmore v. State, 1993 OK
> CR 27, 855 P.2d 143, 145; Pierce v. State, 1990 OK CR
> 7, 786 P.2d 1255, 1266; Ray v. State, 1988 OK CR 36,
> 576 P.2d 274, 277. This improbability must arise from
> something other than the victim's believability; that
> is, the testimony itself must be contradictory, or the
> witness must be thoroughly impeached to such an extent
> that the testimony cannot be believed as a matter of
> law.  Remine v State, 1988 OK CR 156, 759 P.2d 230,
> 232; Gamble v. State, 1978 OK CR 36, 576b AP.2d 1184,
> 1186.  The victim's testimony was not inherently
> unworthy of belief and no corroboration was required.

As to corroboration of certain victim's testimony, the
Oklahoma Court of Criminal Appeals holds that corroboration of a
rape victim's testimony is required only where "...the testimony
is so unsubstantial and incredible so as to be unworthy of
belief." Gilmore v. State, 855 P.2d 143, 145 (Okla. Crim. App.
1993) . In Gilmore, the Oklahoma Court of Criminal Appeals found
the victim's uncertainty regarding the date on which the rape
occurred, her failure to timely report the rape and sharply

conflicting testimony between the victim and the defendants and other witnesses, did not render the victim's testimony unsubstantial and incredible so as to warrant corroboration.  The court held that her testimony was properly admitted without corroboration.  Simarily, the testimony of a lewd molestation victim need not be corroborated unless it is so incredible or has been so thoroughly impeached as to be unworthy of belief; when such testimony is lucid, clear and unambiguous, no corroboration is needed.  Applegate v. State, 904 P.2d 130, 136 (Okla. Crim. Ap. 1995).

After careful review of the record, this court finds the evidence was sufficient under the standard of Jackson v. Virginia, and the determination by the Court of Criminal Appeals was consistent with federal law. This ground for habeas relief fails.

### III. Prosecutorial Misconduct

Petitioner alleges that prosecutorial misconduct deprived him of a fundamentally fair trial.  Specifically, he alleges improper comments upon his right not to testify, attempts to elicit vouching and improper appeals to sympathy for the victim. Petitioner raised this claim to the Oklahoma Court of Criminal Appeals, which denied him relief.  The Oklahoma Court of Criminal Appeals found the prosecutor's comments did not deprive petitioner of a fair trial.  As stated earlier, when looking at prosecutorial misconduct the court must determine whether "....the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  First, petitioner alleges the prosecutor improperly

commented upon his right to remain silent when he questioned
Christie Thomas regarding whether petitioner ever admitted the
allegations against him.  As set forth by the State in its brief
on direct appeal, a reading of the entire exchange shows that the
prosecutor asked Ms. Thomas whether petitioner admitted the
allegations to her. (Tr. 241-42). Ms. Thomas responded, that she
believed he had and that he told her he told the victim she could
go to the police but he would go to jail and be killed in jail.
(Tr. 242).  Clearly the prosecutor was referring to any
statements petitioner made to her not to any statements he may
have made to law enforcement.  Petitioner's right to remain
silent refers to his right pursuant to the Fifth Amendment and
<u>Miranda v. Arizona</u>, 384 U.S. 436, (1966) not to talk to the
police when he was arrested.  When a defendant tells something
incriminating to a non-law enforcement person, that person can
testify as to what the defendant told her without offending the
Fifth Amendment.  That is what happened in this case and no Fifth
Amendment violations occurred.

Petitioner also complains the prosecutor commented upon
petitioner's failure to testify in closing arguments. He
specifically takes issue with the prosecutor's argument where she
reminded the jury of the testimony of Christie Thomas that she
talked to petitioner about the allegations and he did not deny
them. (Tr. 323-24).  A review of the entire context of this
argument clearly shows that the prosecutor is referring to
petitioner's failure to deny the allegations to Christie Thomas,
not to the fact that petitioner did not testify.  The Oklahoma
Court of Criminal Appeals stated:

> We find in Proposition III that the prosecutor did not
> improperly discuss Pruitt's right to remain silent.

The Oklahoma Court of Criminal Appeals reasoned that it was clear the complained of passages were in no way a reference to defendant's right to remain silent during the course of the investigation and only referred to what he many have told Ms. Thomas.

Because the Oklahoma Court of Criminal Appeals' decision that no prosecutorial misconduct occurred is not contrary to or an unreasonable application of federal law, this claim must be denied.

The court has already addressed the petitioner's claim as to improper attempt to elicit vouching previously in this order.

Petitioner alleges the prosecutor improperly appealed to the jury for sympathy for the victim when she pointed out to the jury the victim's demeanor while testifying and when she asked the jury to decide what punishment was fitting for the loss of a child's innocence. (Tr. 323-28, 341-47). The Oklahoma Court of Criminal Appeals found in denying this claim:

> We finally find in Proposition III that the prosecutor did not improperly ask jurors to sympathize with the victim by commenting on her courtroom demeanor and asking jurors to consider her loss of innocence. N. 5 Both parties have a wide latitude to discuss and make inferences from the evidence, and we will not grant relief unless a defendant is prejudiced and deprived of a fair trial. Bell v. State, 2007 OK CR 43, 172 P.2d 622, 624.

This court finds the Oklahoma Court of Criminal Appeals determination that no prosecutorial misconduct occurred is not contrary to or an unreasonable application of federal law. Thus, this claims must also be denied.

## IV. Ineffective Assistance of Counsel

Petitioner alleges his trial counsel was ineffective for failing to object to the prosecutor's reference to petitioner's right against self-incrimination, for failing to object to improper vouching, and for failing to object to the prosecutor's plea for sympathy for the victim.  He raised these three claims before the Oklahoma Court of Criminal Appeals and they were denied.

As shown in propositions I and II, no error occurred regarding comments upon petitioner's right against self-incrimination and regarding improper vouching, respectively.  The Oklahoma Court of Criminal Appeals found as follows in denying petitioner's ineffective assistance of counsel claims based upon those allegations:

> We find in Proposition IV, that counsel was not ineffective for failing to object to the questions and comments raised in Propositions I and III.

The Oklahoma Court of Criminal Appeals determination that counsel was not ineffective is not contrary to or an unreasonable application of federal law and these claims must be denied.

Petitioner appears to argue that counsel was ineffective for failing to object to the testimony of Carolyn Ridling, the SANE nurse who testified it is normal for there to be no physical evidence in child sexual abuse cases.  (Tr. 186).  This ineffective assistance claim is unexhausted since it has never been raised to the Oklahoma Court of Criminal Appeals. Petitioner did not raise this claim in his direct appeal and he has filed no post-conviction application.  However, petitioner did file a

12

motion for new trial based upon newly discovered evidence in the
Oklahoma Court of Criminal Appeals.  The motion was based upon
information that Carolyn Ridling's nursing license was suspended
at the time she testified. In the motion, petitioner alleged that
Ms. Ridling's perjured testimony that she was a licensed SANE
nurse, improperly bolstered that of the victim.  While respondent
does not waive the exhaustion requirement, it is his belief that
none of the claims raised in this petition warrant relief
including this claim. Therefore, while noting the respondent does
not waive the exhaustion requirement, the court will address the
claim on the merits pursuant to 28 U.S.C. § 2254 (b)(2).


Pursuant to Rule 2.1 (A)(3) Rules of the Oklahoma Court of
Criminal Appeals, a motion for new trial may be filed with the
Oklahoma Court of Criminal Appeals based upon newly discovered
evidence.  The Oklahoma Court of Criminal Appeals may dispose of
the motion on the pleadings and affidavits filed therewith and
may conclude its disposition in its opinion. In the instant case,
that is what occurred. Pursuant to Oklahoma law, a new trial may
be granted based upon newly discovered evidence when the evidence
is material, could not have been discovered with due diligence
before trial, is not cumulative and creates a reasonable
probability that the outcome of the trial would have been
different had it been introduced.  Sellers v. State, 973 P.2d
894, 895 (Okla. Crim. App. 1999). In his reply to the
respondent's response to his petition for habeas relief,
petitioner argued he was entitled to a new trial because there
was new evidence that could not have been discovered before the
trial.  Petitioner claims that the evidence and the record is
clear that the affidavits from the licensing boards in both
Oklahoma and Texas prove that Nurse Ridling, in fact, perjured

13

herself when she testified that she was a licensed SANE nurse and that her up-to-date license requirements had been met.  He claims that her testimony was crucial to his conviction and was not corroborated in any other manner.   The Oklahoma Court of Criminal Appeals found the petitioner could not meet this standard.  It found the "newly discovered evidence" was not material to his case and denied the motion. This court finds the Oklahoma Court of Criminal Appeals determination that no new trial was warranted is not contrary to or an unreasonable application of federal law.

## V.   Length of Sentence

Petitioner complains that his sentence of life in prison and a fine of $5,0000 was excessive.  Respondent correctly asserts this claim is not a proper issue for federal habeas corpus, because sentencing is a matter of state law.  See Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir.), cert. denied, 498 U.S. 961 (1990).

> The Eighth Amendment's prohibition against imposition
> of cruel and unusual punishment requires that the
> sentence cannot be disproportionate to the severity of
> the crime or involve unnecessary infliction of pain.
> Again, the guiding rule is that the fixing of penalties
> for crimes is a legislative function, and the
> determination of what constitutes adequate punishment
> is left to the trial court's discretion; and if the
> sentence is within statutory limits, the appellate
> court will not regard it as cruel and unusual or
> excessive.

United States v. O'Driscoll, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), cert. denied, 475 U.S. 1020 (1986).  See also Gaines v. Hess, 662 F.2d 1364, 1370 (10th Cir. 1981). Petitioner admits that his sentence was within the statutory

range. Petitioner's argument is that because of errors in the trial his punishment was too harsh. However, this court has found no errors in the trial and because petitioner's sentence was not outside the statutory limits, habeas relief is not warranted.

## VI. Cumulative Error

For his last proposition of error, petitioner alleges that the accumulation of error herein warrants a new trial or sentence modification. The Oklahoma Court of Criminal Appeals denied petitioner's relief on this claim. This court finds the Oklahoma Court of Criminal Appeals decision that cumulative error relief was not warranted is not contrary to or an unreasonable application of federal law. Accordingly, this claim must also be denied.

ACCORDINGLY, petitioner's Petition for Writ of Habeas Corpus is dismissed in its entirety.

DATED this 9th day of March, 2010.

Frank H. Seay
United States District Judge